IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02943-BNB

DEAN D. HACKBORN,

    Applicant,

v.

JAMES FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Dean D. Hackborn, is a prisoner in the custody of the Colorado Department of Corrections (DOC) currently incarcerated at the correctional facility in Sterling, Colorado.  Mr. Hackborn filed *pro se* on November 21, 2013, an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 4) challenging the validity of his conviction in Case No. 05CR516 in the District Court of Douglas County, Colorado.  He has paid the $5.00 filing fee for a habeas corpus action.

    On November 22, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  ECF No. 4.  On January 9, 2014, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 11).  Mr. Hackborn has not filed a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe Mr. Hackborn's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On February 6, 2006, Mr. Hackborn pleaded guilty in Douglas County District Court Case No. 05CR516 to a single, nonaggravated count of sexual assault on a child. ECF No. 11, ex. A at 8.  On April 7, 2006, he was sentenced to an indeterminate term of four years to life in the DOC.  ECF No. 11, ex. A at 7-8.  Mr. Hackborn did not appeal directly from his conviction and sentence.

On July 31, 2006, he filed a motion for reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.  ECF No. 11, ex. A at 7.  He also filed two other postconviction motions, the first on December 8, 2010, for dismissal of charges, ECF No. 11, ex. A at 7, and the second on March 1, 2011, to withdraw his plea.  ECF No. 11, ex. A at 6.  All three motions were denied.  The Rule 35(b) motion was denied on February 1, 2007.  ECF No. 11, ex. A at 7.  The motion for dismissal of charges was denied on January 7, 2011.  ECF No. 11, ex. A at 7.  The motion to withdraw his plea was denied on April 1, 2011.  ECF No. 11, ex. A at 6.  Mr. Hackborn did not appeal from the denials.

Mr. Hackborn alleges he previously filed a habeas corpus application that was "abated."  ECF No. 4 at 4.  However, he fails to provide a docket number, and a search of the Court's case management-electronic case filing system (CM-ECF) reveals no record of such a case.

In the amended application, Mr. Hackborn asserts three claims:

(1) That he was denied "due process and a fair trial." In support of claim one, Mr. Hackborn alleges, "My name was changed on legal documents and in the same breath uncounseled I was proceeded against without notice of the accusations against me," ECF No. 4 at 5 (internal parentheses omitted);

(2) That he was denied "equal protection." In support of claim two Mr. Hackborn alleges, "I was denied my right to subpoena witnesses against me," *id.* at 6; and

(3) Claim three, entitled "Denial of being Not Guilty," simply requests the appointment of counsel. *Id.* at 6.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Hackborn's criminal case became final.  The sentence in Mr. Hackborn's criminal case was entered on April 7, 2006, when he was sentenced to an indeterminate term of four years to life in the DOC.  Because Mr. Hackborn did not file a direct appeal, the Court finds that his conviction became final on May 22, 2006, forty-five days after he was sentenced.  *See* Colo. App. R. 4(b) (subsequently amended and adopted December 14, 2011, effective July 1, 2012, to allow forty-nine days for appeal).  Therefore, the one-year statute of limitations began to run on May 22, 2006, when the time to appeal to the state appeals court expired.

The Court next must determine whether any of Mr. Hackborn's state court postconviction proceedings tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  The issue of whether a post-conviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner

actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for **70 days** before Mr. Hackborn filed his Colo. R. Crim. P. 35(b) motion for reduction of sentence on July 31, 2006.  The Rule 35(b) motion was denied on February 1, 2007.  Mr. Hackborn did not appeal from the denial, and the time for appealing expired forty-five days later on March 18, 2007.  The limitations period ran uninterrupted for the **295 days** that remained and expired on January 7, 2008.  Mr. Hackborn did not file another postconviction motion – the motion for dismissal of charges – until December 8, 2010, which was 1,066 days after the one-year limitation period expired.  The motion failed to toll the limitations period because it was filed after the limitations period expired.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act of 1996] [(]AEDPA[)]] will toll the statute of limitations.").  Therefore, the application is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  A showing of excusable neglect is not sufficient to justify equitable tolling.  *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). Mr. Hackborn bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin*, 133 S. Ct. at 1928. However, "tenable actual-innocence gateway pleas are rare." *Id.* To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)). The

applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935.  Furthermore, untimeliness "bear[s] on the credibility of evidence proffered to show actual innocence."  *McQuiggin*, 133 S. Ct. at 1936.  Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown."  *Id.* at 1928.

Mr. Hackborn fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons.  Therefore, the Court finds no basis for equitable tolling in this action.  For these reasons, the Court finds that this action is barred by the one-year limitation period, and the action will be dismissed for that reason.  Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hackborn files a notice of appeal he also must pay the full $505.00  appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of   February  , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court